UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRINCIPAL LIFE INSURANCE
COMPANY,

      Plaintiff,

CASE NO.:

vs.

DONNA HOWARD, ERIN
CREIGHTON MURPHY, and
KATHERINE NICOLE GREEN,

      Defendants.                              /

## INTERPLEADER COMPLAINT

COMES NOW Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY ("PLIC"), by and through undersigned counsel and hereby files its Complaint for Interpleader and Other Relief against Defendants, DONNA HOWARD, ERIN CREIGHTON MURPHY, and KATHERINE NICOLE GREEN, pursuant to Fed. R. Civ. P. 22 and in support thereof states as follows:

### PRELIMINARY STATEMENT

1. PLIC brings this Interpleader Action to obtain adjudication of competing claims to certain insurance policy benefits which PLIC is holding pursuant to an employer sponsored employee benefits plan. Upon information and belief, the adverse claimants are DONNA HOWARD, ERIN CREIGHTON

Classification: Customer Confidential

Case No.:

MURPHY, and KATHERINE NICOLE GREEN. Accordingly, PLIC requests that it be allowed to deposit with the Court the following insurance proceeds at issue:

    a.    Group Member Life:    $10,000

    b.    Group Voluntary Term Life:    $20,000

plus applicable interest, if any, and allow the Defendants to litigate the issue as to the rightful owner(s) of these funds.

## PARTIES

2. Plaintiff, PRINCIPAL LIFE INSURANCE COMPANY, is an Iowa corporation with its principal place of business located in Des Moines, Iowa.

3. Defendant DONNA HOWARD is a Florida resident, was the purported domestic partner of the Decedent, JOHN MURPHY, and beneficiary under the subject policy.

4. Defendant ERIN CREIGHTON MURPHY is a Florida resident, is the daughter of the Decedent, JOHN MURPHY, and purported preferential recipient under the subject policy.

5. Defendant KATHERINE NICOLE GREEN is an Indiana resident, is the daughter of Decedent, JOHN MURPHY, and purported preferential recipient under the subject policy.

Case No.:

## JURISDICTION AND VENUE

6. The subject policies are part of an "employee welfare benefit plan" which is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq*. As such, the Court has subject matter jurisdiction pursuant to Rule 22, Fed.R.Civ.P.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

8. PLIC issued a Group Member Life insurance policy and a Voluntary Term Life insurance policy to the Decedent's employer, Banner Towing and Transport Specialists, Inc. dba Allen's Towing Service ("Allen's Towing Service"). The life insurance policies at issue are Group Policies under Number 1140567 (collectively "The Policy"). The Decedent, JOHN MURPHY, was an insured or Member under The Policy. The Policy benefit at issue totals $30,000.00 ("The Benefit")."

9. A copy of The Policy is attached hereto as Composite "Exhibit A".

10. The Decedent's Benefit Confirmation Statement last updated on April 12, 2021, designated DONNA HOWARD as his beneficiary under The Policy.

Case No.:

11. Upon information and belief, on or about May 25, 2021, JOHN MURPHY died without a spouse.

12. On or about June 9, 2021, Allen's Towing Service notified PLIC of JOHN MURPHY'S death.

13. During the claims handling process, DONNA HOWARD was identified as a beneficiary under The Policy.

14. On or about August 12, 2021, DONNA HOWARD submitted a claim for The Benefit under The Policy claiming that she was JOHN MURPHY'S domestic partner for over 4 years and was the beneficiary under The Policy.

15. During the claims handling process, family of the decedent contested DONNA HOWARD'S designation as beneficiary under The Policy, asserting undue influence/fraud/trickery/forgery/digital forgery. They further claimed that The Benefit was to go to ERIN CREIGHTON MURPHY and KATHERINE NICOLE GREEN, or alternatively the Decedent's estate. Legal action against PLIC was threatened if insurance proceeds were distributed.

16. The Policy provides that in the event of no beneficiary "payment will be made in the following order of precedence as numbered:

(1) to the Member's spouse;

(2) to the Member's children born to or legally adopted by the Member;

(3) to the Member's parents;

Case No.:

(4) to the Member's brothers and sisters;

(5) if none of the above, to the executor or administrator of the Member's estate."

17.     PLIC claims no title to, or interest in, the benefits payable under The Policy for the death of JOHN MURPHY, and is ready and willing to pay the proceeds to the person or persons entitled to it.  However, given the potential competing interests created by the above scenario, PLIC is unable to make that determination as to the conflicting claims and potential claims without exposing itself to double liability from the Defendants.

18.     PLIC is ready, willing and hereby offers to deposit The Benefit in the amount of Thirty Thousand dollars ($30,000.00) together with any applicable interest to the Court or a person duly authorized by the Court to receive it.

19.     PLIC has no means other than this action to protect itself against prospective multiple liability for claims and potential claims made or that could be made by the Defendants to the benefits payable  The Policy.

WHEREFORE, PLIC requests this Court enter judgment:

a.     Directing PLIC to pay The Benefit in the amount of Thirty Thousand dollars ($30,000.00) together with any applicable interest into this Court;

b.     Directing the Defendants to interplead their rights to such sum;

Case No.:

    c.    Restraining the Defendants, and each of them, from instituting or further prosecuting any other proceeding in any court against PLIC and/or its agents with respect to The Policy, or The Benefit;

    d.    Discharging PLIC from all liability to the Defendants arising out of the matters herein set forth herein upon payment of The Benefit ($30,000.00) and any applicable interest into this Court;

    e.    Awarding PLIC its costs and attorneys' fees and expenses associated with this action from the funds it seeks to interplead; and

    f.    For any other relief this Court deems just and proper.

Dated this 31st day of January, 2022.

        HINSHAW & CULBERTSON LLP

/s/ *Steven D. Lehner*
Steven D. Lehner, Esquire
FBN 039373
slehner@hinshawlaw.com
100 South Ashley Drive
Suite500
Tampa, FL 33602
813-276-1662 - T
813-436-8738 – F
Attorneys for Plaintiff